**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG DISPLAY CO., LTD.,<br><br>Defendants. | Civil Action No. 2:22-cv-00469-JRG<br><br><br>**JURY TRIAL DEMANDED**<br><br>████████████████<br><br>**<u>REDACTED VERSION</u>** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT OF NO INFRINGEMENT FOR U.S. PATENT NO.7,259,521 (DKT. 196)**

**TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................................1

II.    RESPONSE TO STATEMENT OF THE ISSUES.................................................................1

III.    RESPONSE TO SAMSUNG'S STATEMENT OF UNDISPUTED FACTS ("SUF")..........1

IV.    LEGAL STANDARD ....................................................................................................3

V.    ARGUMENT ...............................................................................................................4

    A.    Samsung's Motion for Summary Judgment of Noninfringement of Claim 1 Should Be Denied Because It Is Based on Disputed Facts and a Mischaracterization of Polaris' Infringement Theory.................................................................................................4

        1.    Polaris Has Only Asserted One Infringement Theory.......................................4

        2.    Samsung's Motion on the Alleged First Theory Should Be Denied Because It Is Based on Disputed Facts and Misstates Polaris' Infringement Theory .............................................5

        3.    Samsung's Motion Regarding a "Second Theory" Involving ██████ Should Be Denied Because Polaris Does Not Have a "Second Theory"...............................................10

    B.    Samsung's Motion for Summary Judgment of Noninfringement of Claim 7 Should Be Denied Because It Is Based on Disputed Facts and a Mischaracterization of Polaris' Infringement Theory.................................................................................................11

        1.    Samsung's Motion Regarding Claim 7 for the S22 and IT Products Should Be Denied Because It is Not Supported by Sufficient Evidence, Based on Disputed Facts, and Mischaracterizes Polaris' Infringement Theory ...................................................11

        2.    Samsung's Motion Regarding Claim 7 for the S5 Products Should Be Denied Because It is Not Supported by Sufficient Evidence, Based on Disputed Facts, and Mischaracterizes Polaris' Infringement Theory ...................................................13

    C.    Samsung's Motion on Doctrine of Equivalents Should Be Denied as Moot ...................14

    D.    Samsung's Motion on Indirect Infringement Should Be Denied as Moot .......................14

    E.    Summary Judgment Should Be Denied As to Samsung Display ("SDC").......................14

VI.    CONCLUSION ...........................................................................................................15

## TABLE OF AUTHORITIES

**Cases**

*AFG Indus., Inc. v. Cardinal IG Co.*,
  375 F.3d 1367 (Fed. Cir. 2004) ........................................................................................9, 13

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ..............................................................................................................3

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ..............................................................................................................3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ..........................................................................................4, 10, 11, 12

*MBO Lab'ys, Inc. v. Becton, Dickinson & Co.*,
  474 F.3d 1323 (Fed. Cir. 2007) ...........................................................................................8

*Murrell v. Bennett*,
  615 F.2d 306 (5th Cir. 1980) ...............................................................................................4

*RKB HydroTech Pros., LLC v. Ecozonix, LLC*,
  No. 2:21-CV-00427-JRG, 2022 WL 2918605 (E.D. Tex. July 21, 2022) .........................10, 13

**Statutes**

35 U.S.C. § 271(a)......................................................................................................................14

35 U.S.C. § 271(b)......................................................................................................................14

35 U.S.C. § 271(c)......................................................................................................................15

35 U.S.C. § 271(f).......................................................................................................................15

**Rules**

FED. R. CIV. P. 56(a).....................................................................................................................3

Fed. R. Civ. P. 56(c).....................................................................................................................3

**TABLE OF ABBREVIATIONS**

| Parties | |
|---|---|
| Plaintiff or Polaris | Polaris PowerLED Technologies, LLC |
| Defendants or Samsung | Collectively, Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Samsung Display Co., Ltd. |
| SEA | Samsung Electronics America, Inc. |
| SEC | Samsung Electronics Co., Ltd. |
| Samsung Display | Samsung Display Co., Ltd. |
| **Defined Terms** | |
| SUF | Statement of Undisputed Material Facts |
| '521 Patent | U.S. Patent No. 7,259,521 |
| Credelle Rep. | Expert Report of Thomas L. Credelle Relating to Infringement of U.S. Patent No. 7,259,521, dated June 21, 2024 |
| Credelle Dep. | Deposition of Thomas L. Credelle, dated July 24, 2024 |
| Lebby Dep. | Deposition of Dr. Michael Lebby, dated July 27, 2024 |
| Jeon Dep. | Deposition of Jinyoung Jeon ("Jeon Dep."), dated May 24, 2024 |
| Cho Dep. | Deposition of Beomseok Cho ("Cho Dep."), dated May 21, 2024 |

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | Excerpts of the Expert Report of Thomas L. Credelle Relating to Infringement of U.S. Patent No. 7,259,521 |
| B | Excerpts of the Deposition of Thomas L. Credelle, dated July 24, 2024 |
| C | U.S. Patent No. 7,259,521 |
| D | Excerpts of the Deposition of Jinyoung Jeon ("Jeon Dep."), dated May 24, 2024 |
| E | Excerpts of the Deposition of Beomseok Cho ("Cho Dep."), dated May 21, 2024 |
| F | ██████████████████████ |
| G | Excerpts of Samsung's Third Supplemental Responses and Objections to Plaintiff's Seventh Set of Interrogatories to Defendants (No. 28), dated June 18, 2024 |
| H | ██████████████████████ |
| I | ██████████████████████ |

iv

## I.    INTRODUCTION

Polaris submits this response in opposition to Samsung's Motion for Summary Judgment of No Infringement of U.S. Patent No. 7,259,521 (Dkt. 196).

## II.    RESPONSE TO STATEMENT OF THE ISSUES

Samsung is *not* entitled to summary judgment of no literal infringement of claims 1 and 7 of the '521 patent. Samsung is also not entitled to summary judgment of no indirect infringement and no infringement by SDC. Polaris does not assert infringement under the doctrine of equivalents. Therefore, this portion of the motion is moot.

## III.    RESPONSE TO SAMSUNG'S STATEMENT OF UNDISPUTED FACTS ("SUF")

Polaris disputes several statements in Samsung's SUF. Samsung's **SUF #7** is incorrect. Mr. Credelle has not presented two different infringement theories. Rather, Samsung confuses "video signal" with "video drive signal," which are two entirely separate limitations of the asserted claims. Mr. Credelle clearly opines that the "video signal" in the limitation "a video driver receiving the video signal" is the digital video signal in each of the representative products.



---

[1] Citations to ("Ex.") refer to exhibits attached to the Declaration of Robert Kramer filed concurrently herewith, dated August 19, 2024 ("Kramer Decl.").

The remaining paragraphs cited by Samsung in support of SUF #7 relate to the "video drive signal" ***not*** the "video signal." Samsung thus confuses these two different limitations. ▮▮▮▮▮



Additionally, ▮▮▮▮▮ is not a "mathematical construct" as Samsung incorrectly asserts. Rather, ▮▮▮▮▮ is a shorthand name used by Mr. Credelle for ▮▮▮▮▮ ¶¶ 40, 48, 56; Ex. A, ¶¶ 193-194, 228-229, 280. ▮▮▮▮▮

▮▮▮▮▮

Credelle Decl., ¶¶ 38, 46, 55; Ex. A, ¶¶ 186-188, 222-224, 273-274. For ease of explanation, Mr. Credelle referred to ▮▮▮▮▮ to avoid any confusion with the digital data signal that is the "video signal" in "a video driver receiving the video signal." Credelle Decl., ¶¶ 40, 48, 56; Ex. A, ¶¶ 193-194, 228-229, 280.

Polaris disputes **SUF #8** because Polaris does not have to show that the "digital video signal" received by the DDI is also received by the AMOLED display panel in order to prove infringement. Rather, Polaris can prove infringement by demonstrating that a video signal in its digital form is received by the DDI and the video signal in its analog form is received by the

2

AMOLED display panel. Credelle Decl., ¶¶ 21-33

Polaris disputes **SUF #10**, which alleges: "To prove infringement under its second theory—i.e., that ███████████ is 'the video signal' of claim 1—Polaris must show that ███████████ is received by the video driver." Dkt. 196, 6. As explained above in regard to SUF #7, there is no "second theory" as Samsung alleges because Mr. Credelle ***never*** opines that ███████████ is the "video signal" in the "a video driver receiving the video signal" limitation of claim 1. Credelle Decl., ¶¶ 36, 44, 53; Ex. A, ¶¶ 186, 222, 272; Ex. B (Credelle Dep.), 179:16-23.

Polaris also disputes **SUF #11.** ████████████████████████████████████████ ███████████████████ Credelle Decl., ¶¶ 40, 48, 56; Ex. A, ¶¶ 193, 229, 280; Ex. B, 179:16-23. Moreover, ███████████ is used in the generation of the "video drive signal." Credelle Decl., ¶¶ 40, 48, 56; Ex. A, ¶¶ 193, 229, 280.

Further, Polaris disputes **SUF #12** relating to an alleged "second theory" for claim 7. As stated above, there is no "second theory" that ███████████ is the "video signal" received by the video driver. Mr. Credelle explains that the video driver receives the digital video signal. Credelle Decl., ¶¶ 36, 44, 53; Ex. A, ¶¶ 186, 222, 272; Credelle Dep., 179:16-23. ████████████ ████████████████████████████████████████ ███████████ Credelle Decl., ¶¶ 40, 48, 56.

## IV.    LEGAL STANDARD

Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Summary judgement is appropriate only if the evidence shows that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of showing no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In a motion for summary

3

judgment, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment "must be used cautiously or it may lead to drastic and lethal results" and the "burden in resisting the motion is not a heavy one." *Murrell v. Bennett*, 615 F.2d 306, 309 (5th Cir. 1980).

## V.    ARGUMENT

### A.    Samsung's Motion for Summary Judgment of Noninfringement of Claim 1 Should Be Denied Because It Is Based on Disputed Facts and a Mischaracterization of Polaris' Infringement Theory

#### 1.    Polaris Has Only Asserted One Infringement Theory

The entire premise of Samsung's motion is that Polaris is asserting two different infringement theories about the "video signal" in the limitation "a video driver receiving the video signal." This is plainly incorrect. Polaris has only asserted *one* infringement theory. Credelle Decl., ¶¶ 36, 44, 53; Ex. B, 165:2-12 ("That is the digital video input. . . . That's the video signal of the claim."). Samsung's motion should be denied as it addresses a false infringement theory that was never put forth by Polaris or Mr. Credelle.



██████████████████████████████████████████████████████████████

In the video driver, █████████████████████████████████████████████████

████████████████████████████████████████████████ Credelle Decl., ¶¶

38, 46, 55; Ex. A, ¶¶ 186-188, 222-224, 273-274; Ex. B, 150:22-25 ███████████████

██████████████████████████████████████████ For ease of reference,

Mr. Credelle called ████████████████████████ Credelle Decl., ¶¶ 40, 48, 56. The Court

defined "video signal" as a "signal representing video data." Dkt. 171, 30. The digital and analog

forms of the video signal are the same video signal as both signals represent the same video data.

Credelle Decl., ¶¶ 38, 46, 55; Ex. B, 180:8-11 ("[T]he video signal is digital . . . it's converted to

an analog form at the DAC. It's exactly the same signal. One is digital; one is analog.").

The analog video signal is part of the "video drive signal" as it has to be for the AMOLED

display panel to be able to display any content. Credelle Decl., ¶¶ 41, 49, 57; Ex. B, 180:17-181:1

("It's just you can't supply the digital signal to the panel directly. It needs to be converted. That's

why there's a DAC."). If the "video signal" was not part of the "video drive signal" in claim 1,

then no video data would reach the display panel resulting in no video content being displayed.

*Id.*, ¶¶ 41, 49, 57. Therefore, both the video driver and the AMOLED display panel are receiving

the same "video signal," one in digital form and one in analog form with the same video data. *Id.*,

¶¶ 42, 50, 58; Dkt. 171, 30 (construing "video signal" as "signal representing video data").

### 2. Samsung's Motion on the Alleged First Theory Should Be Denied Because It Is Based on Disputed Facts and Misstates Polaris' Infringement Theory

The Court should deny summary judgement of noninfringement because the parties'

experts dispute material facts about the operation of the products and whether the products infringe

by meeting the claim language as construed by the Court. For noninfringement, Samsung argues

that the *digital* video signal that is received by the video driver is not the video signal that is

received by the AMOLED display panel. Polaris' expert, Mr. Credelle, disagrees with Samsung

5

on this material fact regarding the operation of the accused products. The "video signal" received by the video driver is the *same* video signal with the *same* video data that is received by AMOLED display panel. The "video signal" received by the video driver is in digital form. Credelle Decl., ¶¶ 36, 44, 53. In the video driver, ██████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

Both the video driver and the AMOLED display panel are receiving the same "video signal" with the same video data in digital or analog form, respectively. Credelle Decl., ¶¶ 42, 50, 58. One of skill in the art would understand that a signal that passes through a DAC is the same signal as the DAC merely converts the signal from digital form to its equivalent analog form. *Id.*, ¶¶ 38, 46, 55. This is consistent with the Court's claim construction order, which construed "video signal" to mean "signal representing video data." Dkt. 171, 30. Both the digital and analog forms have the same video data and are thus the same video signal. Credelle Decl., ¶¶ 38, 46, 55.

Furthermore, as discussed above, the analog video signal ████████████████████████ ██████ is part of the "video drive signal" as it has to be for the AMOLED display panel to be able to receive video data and display video content. *Id.*, ¶¶ 40, 48, 56. Specifically, the "video drive signal" is comprised of the video signal that is "referenced to a positive power supply voltage" as expressly required by the language of claim 1. If the "video signal" was not part of the "video drive signal," the AMOLED display panel could not receive any video data and thus could not display any video content. *Id.*, ¶¶ 42, 50, 58. Therefore, both the video driver and the AMOLED display panel are receiving the exact same "video signal" with the same video data. Credelle Decl., ¶¶ 42, 50, 58; Dkt. 171, 30 (construing "video signal" as "signal representing video data"). Any other interpretation would not make sense in the context of claim 1. Credelle Decl., ¶¶ 41, 49, 57.

It would be nonsensical to require the digital video signals to reach an analog device like the AMOLED display panel as Samsung asserts. *Id*., ¶¶ 41, 49, 57. Polaris' position is consistent with the actual disclosure of the '521 patent. *Id*., ¶¶ 21-33. The patent explains:

> ***In most systems, the video signals are digital*** in nature and the ***final processing step of video source 12 is to convert the digital video signals to analog signals***, thereby generating the analog signal Video.DAC on an output bus 18.

Ex. C, col. 1:61-64 (emphasis added). The '521 patent states that most video signals are digital while AMOLED display panels, by their nature, are analog systems that cannot process digital signals. Credelle Decl., ¶¶ 41, 49, 57. Therefore, as the '521 patent recognizes, the video signal, if digital, must be converted to be sent to the AMOLED display panel, which is an analog device.

Furthermore, embodiments of the '521 patent teach that, like the accused Samsung products, the video signal can be sent to the AMOLED display panel as part of the video drive signal. *Id*., ¶¶ 27-28, 29-30, 31-32. In the embodiments of the '521 patent, the term "Video.DAC" is the "video signal." Credelle Decl., ¶¶ 27, 29, 31; Ex. C, col. 4:11, 4:17-18, 4:49, 5:42, 5:49, 5:61-62, 6:52. The third embodiment, for example, shows that the video signal, Video.DAC, is part of the video drive signal, v(t), that is received by the AMOLED display panel.

The ***video drive signal v(t)*** is given as:

$$v(t) = \text{Vclamp} + \textbf{\textit{Video.DAC}};$$

$$= \text{VDC} + \text{Vdrift} + \textbf{\textit{Video.DAC}}.$$

Ex. C, col. 7:28-35 (emphasis added).

Similarly, Figure 4, which depicts the third embodiment, shows the video signal, Video.DAC, being received by the video driver 302. Credelle Decl., ¶¶ 25-26. Next, the video signal, Video.DAC, is received by the AMOLED display panel 30 as part of the video drive signal, v(t), which is ***the same setup as in Samsung's accused products***. *Id*., ¶¶ 25-26; Ex. C, Fig. 4, col. 6:45-7:35.



**FIG. 4**

Ex. C, Fig. 4 (annotations added). Therefore, in contrast to Samsung's positions, Polaris' infringement read is consistent with the disclosure of the '521 patent.

Samsung's incorrect interpretation of claim 1, which attempts to exclude the video signal from reaching the AMOLED display panel as part of the video drive signal, would exclude the preferred embodiments in the specification of the '521 patent. Credelle Decl., ¶¶ 27-28, 29-30, 31-32. In all three of the preferred embodiments, the video signal, Video.DAC, reaches the AMOLED display panel as part of the analog video drive signal v(t).



**FIG. 2**    **FIG. 3**

Ex. C, Figs. 2, 3 (annotations added). Therefore, Samsung's proffered interpretation of claim 1, which would exclude all of the preferred embodiments, is incorrect. *MBO Lab'ys, Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1333 (Fed. Cir. 2007) ("[A] claim interpretation that excludes a preferred embodiment from the scope of the claim is rarely, if ever, correct."). (citation omitted).

Finally, Samsung has not produced sufficient evidence to meet its burden on summary judgment. In this section (Section V.A.1.a), the main evidence relied on for noninfringement is Mr. Credelle's deposition testimony. However, his testimony is consistent with infringement. Mr. Credelle simply testified that ████████████████████████████████████████ ███████████████ is received by the AMOLED display panel just as occurs in the preferred embodiments of the '521 patent. Credelle Decl., ¶¶ 38-39, 46-47, 55-56; Ex. B, 164:25-165:12, 167:7-13; Ex. C, Fig. 4, col. 7:28-35. Of course, the AMOLED display panel *cannot* receive a digital signal because it is an analog device that can only receive analog signals. Credelle Decl. ¶¶ 41, 49, 57; Ex. B, 180:17-181:1 ("[y]ou can't supply the digital signal to the panel directly"). This is why the patent explicitly discusses the need to convert the video signal from digital to analog so that the AMOLED display panel can receive the video data. Credelle Decl. ¶ 24; Ex. C, Fig. 4, col. 1:61-64. Consistent with the '521 patent, Mr. Credelle opines that the digital video signal is converted to analog form and is received by the AMOLED display panel, just as in the third embodiment of the '521 patent. Credelle Decl. ¶¶ 41, 49, 57; Ex. C, Fig. 4, col. 7:28-35.

Samsung's only other evidence is Dr. Lebby's deposition testimony on redirect, which is cited indirectly through SUF # 9. In this testimony, Dr. Lebby states ████████████████ ████████████████████████████████████████████████ Dkt. 196-5 (Lebby Dep.), 171:13-15. However, this is merely stating the obvious because AMOLED display panels cannot receive digital signals since they are analog devices that are driven by analog signals. Credelle Decl., ¶¶ 41, 49, 57. Therefore, the parties' experts dispute material facts regarding whether the analog video signal is the same video signal as the digital video signal and whether the AMOLED display receives the analog video signal. This genuine dispute of material facts precludes summary judgment. *AFG Indus., Inc. v. Cardinal IG Co.*, 375 F.3d 1367, 1371 (Fed. Cir. 2004) ("[G]enuine disputes of material facts [] would preclude a grant of summary judgment."); *RKB HydroTech*

9

*Pros., LLC v. Ecozonix, LLC*, No. 2:21-CV-00427-JRG, 2022 WL 2918605, at *2 (E.D. Tex. July 21, 2022) (citation omitted) ("Such a dispute necessitates the determination of material facts, which is reserved for the jury and precludes entry of summary judgment.").

Moreover, Samsung fails to meet its burden since its motion relies heavily on attorney argument. Samsung offers no expert testimony that claim 1 is not infringed and no expert testimony regarding whether the analog and video signals are the same signal containing the same "video data" under the Court's construction. The only expert testimony on this issue is from Mr. Credelle, who testifies that the accused Samsung products infringe claim 1. Credelle Decl., ¶¶ 42, 50, 58. His uncontroverted testimony must be credited since all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita*, 475 U.S. at 587. The Court should thus deny Samsung's motion for summary judgment of noninfringement.

### 3. Samsung's Motion Regarding a "Second Theory" Involving ██████████ Should Be Denied Because Polaris Does Not Have a "Second Theory"

The entire premise of Samsung's Argument in Section V.1.b is that Polaris is arguing that ████████ is received by the video driver in the limitation "a video driver receiving the video signal." Dkt. 196, 11-12. Polaris has never asserted that ████████ is the "video signal" in the limitation "a video driver receiving the video signal." As discussed above, the video signal received by the video driver is in digital form. Credelle Decl., ¶¶ 36, 44, 53. Additionally, ███ ████████████████████████████████████████████ ████████████████████████████████████ *Id.*, ¶¶ 38-40, 46-48, 55-56. This is consistent with the deposition testimony Samsung cites wherein Mr. Credelle states ████████████████████████████████████ ██████ Dkt. 196, 12; Ex. B, 150:22-25. Therefore, because this portion of Samsung's motion is based on a theory that Polaris never asserted, the Court should deny summary judgment on this ground as moot.

**B.      Samsung's Motion for Summary Judgment of Noninfringement of Claim 7 Should Be Denied Because It Is Based on Disputed Facts and a Mischaracterization of Polaris' Infringement Theory**

Samsung arguments are organized by representative products addressing the S22 and IT products together and addressing the S5 separately. Polaris responds accordingly.

**1.  Samsung's Motion Regarding Claim 7 for the S22 and IT Products Should Be Denied Because It is Not Supported by Sufficient Evidence, Based on Disputed Facts, and Mischaracterizes Polaris' Infringement Theory**

Samsung again fails to meet its burden on summary judgment. Samsung presents no expert opinion that the representative S22 and IT products infringe claim 7. Rather Samsung relies only on Mr. Credelle's expert report, which opines that Samsung infringes claim 7. However, Polaris offers uncontested testimony under oath from Mr. Credelle that Samsung's S22 and IT Products satisfy the limitation of claim 7 as shown below for the S22.

> As I explained in my Infringement Expert Report, the Samsung Galaxy S22 includes a video driver that generates a video drive signal. Ex. A, ¶186. The video drive signal includes an analog version of the video signal and the positive power supply voltage. *Id.*, ¶192-193.



Credelle Decl., ¶ 61; *see also id.* at ¶¶ 63 (IT Products), 64. His uncontroverted testimony must be credited. *Matsushita*, 475 U.S. at 587.

Samsung's motion begins its analysis by citing an equation from Mr. Credelle's expert report discussing claim 2 ***not claim 7***. Dkt. 196, 13. In his report, Mr. Credelle analyzes

infringement of claim 7 in paragraphs 212-13, 249-50, and 294-296. Not one of these paragraphs is cited or mentioned in Samsung's summary judgment motion. Rather, Samsung bases its entire motion of Mr. Credelle's analysis of a different claim, claim 2.

Further, Samsung misrepresents Mr. Credelle's report. For claim 7, Samsung begins by stating that, "in his expert report, Mr. Credelle merely states that 'the video drive signal that is output form the video driver *is indicative of the sum* of the positive power supply voltage ▮ and the video signal,' not that it is the sum, as required by claim 7 . . . 'Indicative of the sum is the language of claim 2.'" Dkt. 196, 13 (emphasis in original). Samsung's deliberate quote of only a partial sentence of Mr. Credelle's report is taken out of context to incorrectly imply that Mr. Credelle analyzed the wrong claim language. This is plainly false. The language of claim 2 appears because the sentence being quoted is discussing claim 2 on which claim 7 depends. However, as shown below, Mr. Credelle provides a full analysis of claim 7, which Samsung completely ignores.



*As previously discussed regarding claim 2, the video drive signal that is output from the video driver is indicative of the sum of the positive power supply voltage* ▮ *and the video signal.* See *supra* arguments for claim 2. Claim 7 further requires that there is a clamp circuit. As previously detailed (see supra IX.A.5), the ▮

Ex. A ¶ 213 (for S22) (emphasis added); *see also id.* at ¶¶ 294-296 (for IT products); Credelle Decl., ¶ 61. This uncontroverted testimony must be also be credited. *Matsushita*, 475 U.S. at 587.

Then, rather than addressing Mr. Credelle's actual analysis, Samsung focuses on a hypothetical "4 + 1 - 2" question in a deposition. Dkt. 196, 13. Such a hypothetical question bears no relation to the actual operation of the products and are thus irrelevant to the issue of

infringement of claim 7. Ex. B, 182:17-184:9.

If Samsung disagrees with Mr. Credelle's analysis, these are material factual disputes about the operation of the products that need to be resolved by a jury. *AFG*, 375 F.3d at 1371 ("[G]enuine disputes of material facts [] would preclude a grant of summary judgment."); *RKB*, 2022 WL 2918605, at *2 ("Such a dispute necessitates the determination of material facts, which is reserved for the jury and precludes entry of summary judgment."). The Court should thus deny Samsung's motion for summary judgment of noninfringement of claim 7 for the S22 and IT products.

### 2. Samsung's Motion Regarding Claim 7 for the S5 Products Should Be Denied Because It is Not Supported by Sufficient Evidence, Based on Disputed Facts, and Mischaracterizes Polaris' Infringement Theory

Samsung again fails to meet its burden on summary judgment. Samsung presents no expert testimony that the representative S5 products infringe claim 7. Samsung relies only on Mr. Credelle's report, which opines that claim 7 is infringed. In contrast, Polaris offers uncontested expert testimony from Mr. Credelle that Samsung's S5 products infringe claim 7 as shown below.

As I explained in my Infringement Expert Report, the Samsung Galaxy S5 includes a video driver that generates a video drive signal. Ex. A, ¶¶222-223. The video drive signal includes an analog version of the video signal and the positive power supply



Credelle Decl., ¶ 62. If Samsung disagrees with Mr. Credelle's analysis, these are material factual disputes regarding the operation of the products that need to be resolved by a jury and preclude summary judgment. *AFG*, 375 F.3d at 1371; *RKB*, 2022 WL 2918605, at *2. The Court should thus deny Samsung's motion for summary judgment of noninfringement of claim 7 for the S5.

### C. Samsung's Motion on Doctrine of Equivalents Should Be Denied as Moot

Polaris is not asserting infringement of the '521 patent under the doctrine of equivalents.

### D. Samsung's Motion on Indirect Infringement Should Be Denied as Moot

Samsung's motion should be denied with respect to indirect infringement by Samsung Display for the reasons set forth below.

### E. Summary Judgment Should Be Denied As to Samsung Display ("SDC")

Defendant SDC, a subsidiary of SEC, admits that it, along with its parent company SEC, makes the accused products, by providing the AMOLED displays in the products that are sold in the U.S. Dkt 196, 15; Ex. I, 14. These AMOLED displays in the accused products are the focus of infringement of the '521 patent. SDC asks for summary judgment of noninfringement on the basis that ███████████████████████████████████ ███████████████ This should be denied for two reasons.

First, the Complaint alleges that Samsung, which is defined as all Samsung defendants—SDC, SEC, and SEC's subsidiary SEA—infringe the '521 patent by making, using, offering for sale, selling, and/or importing the accused products in violation of 35 U.S.C. § 271(a). Dkt. 1 at 1, ¶ 45. The Complaint further alleges that SDC with the SEC and SEA infringe the '521 patent by inducing and contributing to infringement under 35 U.S.C. § 271(b) and (c). Dkt. 1, ¶¶ 46-47. With respect to inducement, there are material facts in dispute regarding whether SDC actively induces SEC and/or SEA to directly infringe by at least offering for sale, selling, and importing the accused products in the U.S. 35 U.S.C. § 271(b). SDC's specific intent to induce infringement is evidenced by the fact that it makes the AMOLED displays at issue per the specifications of SEC knowingly for inclusion in Samsung's infringing smartphones, tablets, and laptops that are imported and sold in the U.S. Ex. D (Jeon Dep.), 20:25-21:12. SDC's intent is further evidenced by the fact that its technical documents show that the AMOLED displays it sells to SEC are intended for inclusion in specific SEC product models, including the products accused of infringement. Credelle Decl., ¶

14

65; Ex. F, SDC_Polaris_0149986. Additionally, SDC provides marketing documents to its customers, including SEC, that tout features of its AMOLED displays that are enabled by the '521 patent. Credelle Decl., ¶¶ 66-67; Ex. E (Cho Dep.), 44:4-46:3; Ex. H, SDC_Polaris_0030850-51.

For contributory infringement, the Complaint alleges that the accused products with AMOLED displays are especially made or adapted for use in an infringement of the '521 patent. The AMOLED displays are a material component for use in practicing the '521 patent, not a staple article of commerce suitable for substantial noninfringing use. Dkt. 1, ¶¶46-47. Because SDC's AMOLED displays are designed specifically for use in the accused products, there is a genuine issue of material fact with respect to whether they are "not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c); Credelle Decl., ¶ 65.

Second, SDC is an infringer under 35 U.S.C. § 271(f), which provides that one who supplies or causes to be supplied components of a patented invention for combination outside the U.S. in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States shall be liable as an infringer. Here, SDC admits that it "makes the AMOLED display at issue with respect to the '521 patent." Dkt. 196, 15. ███████████████████████████

████████████████████████████████

██████ Ex. D (Jeon Dep.), 20:25-21:12; Ex. E (Cho Dep.), 26:16-25, 28:6-10. SDC should not be permitted to evade responsibility for its infringement on a technicality. In the interest of justice, if the Court considers granting SDC's argument as to Sections 271(a)-(c), Polaris requests leave and should be permitted to amend the Complaint to conform to the evidence to include an assertion of infringement under Section 271(f) as to SDC and a corresponding jury instruction.

## VI.    CONCLUSION

For the foregoing reasons, the Court should deny in full Samsung's Motion for Summary Judgment of No Infringement of U.S. Patent No. 7,259,521.

August 21, 2024

Respectfully submitted,

/s/ *Robert F. Kramer*

Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@krameralberti.com
David Alberti
CA Bar No. 220265 (Admitted E.D. Texas)
dalberti@krameralberti.com
Sal Lim
CA Bar No. 211836 (Admitted E.D. Texas)
slim@krameralberti.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@krameralberti.com
Robert Mattson
Virginia Bar No. 43568 (*pro hac vice*)
rmattson@krameralberti.com
James P. Barabas
NJ Bar No. 018262000 (*pro hac vice*)
jbarabas@krameralberti.com
Andrew Hamill
CA Bar No. 251156 (Admitted E.D. Texas)
ahamill@krameralberti.com
Jeremiah A. Armstrong
CA Bar No. 253705 (*pro hac vice*)
jarmstrong@krameralberti.com
Aidan Brewster
CA Bar No. 319691 (*pro hac vice*)
abrewster@krameralberti.com
Ryan Dooley
CA Bar No. 321645 (*pro hac vice*)
rdooley@krameralberti.com
**KRAMER ALBERTI LIM &
TONKOVICH LLP**
577 Airport Blvd., Ste 250
Burlingame, CA 94010
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

Nicole Glauser
Texas State Bar No. 24050694
nglauser@krameralberti.com
**KRAMER ALBERTI LIM
& TONKOVICH LLP**

16

500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (737) 256-7784
Facsimile: (650) 460-8443

Deron R. Dacus
Texas Bar No. 00790533
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C**.
821 ESE Loop 323, Suite 430
Tyler, TX. 75701
Telephone: (903) 705-7233
Facsimile: (903) 581-2543

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on August 21, 2024, on all counsel of record who have consented to electronic service, and all confidential versions of this filing will be served upon all counsel of record by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 50) entered in this case on June 28, 2023

/s/ *Robert F. Kramer*

17