# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG DISPLAY CO., LTD.,<br><br>        Defendants. | Civil Action No. 2:22-cv-00469-JRG<br><br><br>**JURY TRIAL DEMANDED**<br><br>█████████████<br><br><br>**REDACTED VERSION** |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DECLARATION OF MR. THOMAS CREDELLE [DKT. 272]

**TABLE OF CONTENTS**

I.     INTRODUCTION.....................................................................................................................1

II.    LEGAL STANDARDS..............................................................................................................2

III.   ARGUMENT .............................................................................................................................2

    A.    Mr. Credelle's Infringement Theory for the Term "Video Signal" in Claim 1 Is Not New or Beyond The Scope of His Expert Report ..................................................2

        1.    Mr. Credelle's Declaration Does Not Disclose New Opinions Regarding the "video signal" in the ███████████████ .....................3

        2.    Mr. Credelle's Declaration Does Not Disclose New Opinions Regarding the "Video Signal" in the ███████████████ .......................7

        3.    Mr. Credelle's Declaration Does Not Disclose New Opinions Regarding the "Video Signal" in the ███████████████ ██████t .................................................................................................9

    B.    Mr. Credelle's Declaration Is Consistent With His Expert Report as to the Positive Power Supply Voltage ██████ .........................................................................12

    C.    The Statements in the Credelle Declaration are Substantially Justified and Harmless.....................................................................................................................13

IV.    CONCLUSION .......................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**

*Allergan Sales, LLC v. Sandoz, Inc.*,
  No. 2:12-CV-207-JRG, 2016 WL 7209798 (E.D. Tex. Sept. 30, 2016) ...............................2, 14

*Blue Spike, LLC v. Audible Magic Corp.*,
  No. 6:15-cv-584 (E.D. Tex. Sept. 11, 2015) ................................................................15

*Durant v. Brooks*,
  826 F. App'x 331 (5th Cir. 2020) ..............................................................................14

*EpicRealm Licensing, LP v. Autoflex Leasing Inc.*,
  No. 5:07-cv-125-DF, 2008 WL 8781699 (E.D. Tex. Aug. 17, 2008) ......................................15

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) ..............................................................................................15

*In re Complaint of C. F. Bean L.L.C.*,
  841 F.3d 365, 370-71 (5th Cir. 2016)...........................................................................15

*Metaswitch Networks Ltd. v. Genband US LLC*,
  No. 2:14-cv-744-JRG-RSP, 2016 WL 874737 (E.D. Tex. Mar. 5, 2016)................................14

*Murphy v. Beaumont Indep. Sch. Dist.*,
  No. 1:22-CV-135, 2024 WL 3957247 (E.D. Tex. Aug. 26, 2024)...........................................13

*PalTalk Holdings, Inc. v. Microsoft Corp.*,
  No. 2:06-CV-367(DF), 2009 WL 10677720 (E.D. Tex. Feb. 11, 2009)....................................14

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
  382 F.3d 546 (5th Cir. 2004) .....................................................................................2

*Seigler v. Wal-Mart Stores Texas, L.L.C.*,
  30 F.4th 472, 477 (5th Cir. 2022).................................................................................13

*Shaboon v. Duncan*,
  252 F.3d 72237 (5th Cir. 2001) ..................................................................................15

*Sobrino-Barrera v. Anderson Shipping Co.*,
  495 F. App'x 430 (5th Cir. 2012)................................................................................15

**Rules**

Fed. R. Civ. P. 26(a) ...............................................................................................2
Fed. R. Civ. P. 26(a)(2)(B) .......................................................................................2
Fed. R. Civ. P. 26(a)(2)(D) .......................................................................................2
Fed. R. Civ. P. 26(e) ..............................................................................................2
Fed. R. Civ. P. 37(c)(1) ..........................................................................................2

**TABLE OF EXHIBITS**[1]

| Exhibit No. | Description |
|---|---|
| 1 | Excerpts from U.S. Patent No. 7,259,521; bates numbered POL_SS_00000070 – POL_SS_00000079. |
| 2 | Excerpts from the Expert Report of Thomas L. Credelle Relating to Infringement of U.S. Patent No. 7,259,521; dated June 21, 2024. |
| 3 | Excerpts from the Deposition of Thomas L. Credelle, dated July 24, 2024. |

---

[1] All exhibits are attached to the Declaration of Robert F. Kramer, filed concurrently herewith.

iii

## I.    INTRODUCTION

Samsung's motion to strike Mr. Credelle's declaration in support of Polaris' response to Samsung's motion for summary judgment of noninfringement of the '521 patent (Dkt. 272, "Mot.") highlights that Samsung's underlying motion for summary judgment is rife with disputed issues of material fact that should be resolved by the jury. Samsung's Motion to Strike essentially boils down to arguments regarding its disagreement with Mr. Credelle's infringement opinions. Mr. Credelle's declaration does not raise new opinions and is entirely consistent with his expert report on infringement. In his declaration, Mr. Credelle recapitulates the opinions he stated in his lengthy expert report so that they are under oath, not subject to an objection that they constitute hearsay, and directly responsive to the arguments in Samsung's motion for summary judgment.

Regarding claim 1, Samsung incorrectly argues that Mr. Credelle's declaration includes an allegedly new infringement theory for the term "video signal." But Mr. Credelle's declaration sets forth the same detailed explanation of exactly how a video signal is received in the accused products and supplied to the AMOLED display found in his declaration, with direct citations to his expert report. Samsung also argues that Mr. Credelle's infringement opinions are incorrect on the merits, relying on a definition from the Microsoft Press Computer Dictionary. Samsung's argument is irrelevant to the Motion to Strike and is also an attempt to relitigate the proposed claim construction that it already advanced and that the Court rejected. Dkt. 171 at 14-15, 30.

With respect to claim 7, Samsung mischaracterizes Mr. Credelle's declaration as contradicting his expert report with respect to the positive power supply voltage. █████ But it does not. In his declaration, Mr. Credelle explains that the term ███████████ results in a value that represents the positive power supply voltage, scaled in comparison to the ideal reference value. ████ Therefore, Mr. Credelle's declaration does not state or assert that ██████ is not

1

the positive power supply voltage or otherwise contradict his expert report. Accordingly, the Court should deny Samsung's motion to strike.

## II.    LEGAL STANDARDS

Fed. R. Civ. P. 26(a)(2)(B) requires that an expert's report shall "contain a complete statement of all opinions . . . express[ed] and the basis and reasons for them." A party must disclose the opinions of its experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Federal Rule of Civil Procedure 37(c)(1) authorizes the exclusion of evidence that was not disclosed as required by Federal Rule of Civil Procedure 26(a). Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e),   the party is not allowed to use that information . . . on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.") Courts look to four factors in performing a Rule 37 harmless error analysis: "(1) the explanation by the party who failed to comply with the scheduling order; (2) the prejudice to the party opposing the designation; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the witness's testimony." *Allergan Sales, LLC v. Sandoz, Inc.*, No. 2:12-CV-207-JRG, 2016 WL 7209798, at *2 (E.D. Tex. Sept. 30, 2016) (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004)).

## III.    ARGUMENT

### A.    Mr. Credelle's Infringement Theory for the Term "Video Signal" in Claim 1 Is Not New or Beyond The Scope of His Expert Report

Claim 1 of the '521 patent recites a video signal that is received by the video driver and AMOLED display. The relevant portions of the claim are reproduced below:

> 1. An active matrix organic light emitting diode (AMOLED) display system comprising an ***AMOLED display panel receiving a video signal*** to be displayed on the AMOLED display panel, the AMOLED display panel comprising a plurality of organic light emitting diode (OLED) pixel elements, the AMOLED display system comprising:
>
> a ***video driver receiving the video signal*** and generating a video drive signal

2

indicative of the video signal and referenced to a positive power supply voltage of the AMOLED display panel;

Ex. 1, cl. 1 (emphasis added).



████████████████ Thus, the term "video signal" is not limited to being either analog or digital.

In its response to Samsung's motion for summary judgment of noninfringement of the '521 patent (Dkt. 196, "MSJ"), Polaris' technical expert, Mr. Credelle, provided a declaration, citing his expert report on infringement, ████████████████████████ ████████████████████████ Dkt. 272-1 (Credelle Decl.), ████████ ████████████████ Mr. Credelle's declaration further explains how the video driver in the accused products converts the digital video signal to an analog video signal that is referenced to the positive power supply voltage, which is the claimed video drive signal. *Id.*, ¶¶ 37-39 ████ 45-47 ████ 54-55 ████████ The video driver then supplies the video drive signal to the AMOLED display panel. *Id.*, ¶¶ 39 ████ 47 ████ 55, 57 ████████. ████████████████

████████████████████████

████████████████████████

████████████████

1. **Mr. Credelle's Declaration Does Not Disclose New Opinions Regarding the "video signal" in the** ████████████████

████████████████████████

████████████████████████████ Samsung seeks

to strike paragraphs 35, 40-42, 59, and 61, alleging that the theory that the video driver and AMOLED display panel receive the same video signal is a new, previously undisclosed, theory. Mot., 8-11. As discussed below, Mr. Credelle's declaration does not disclose new opinions.

Paragraph 36 of Mr. Credelle's declaration, reproduced below, ███████████████████



(emphasis added).

(emphasis added).

37. As I explained in my Infringement Expert Report, ████████████████

4



(emphases added).

(emphases added).

35.



(emphases added).

---

[3] Paragraph 62 of Mr. Credelle's declaration contains similar statements as paragraph 40. Dkt. 272-1, ¶ 62

6



(emphases added).

Additionally, Mr. Credelle testified in his deposition that ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (emphases added).

Mr. Credelle further testified in his deposition that ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮ (emphases added).

Therefore, the substance of paragraphs 35, 40-42, 59, and 61 of Mr. Credelle's declaration were disclosed in paragraphs 192-194 of his infringement expert report and in his deposition testimony at 180:2-11, 181:9-12, 130:1-6, and 140:7-10.

### 2.    Mr. Credelle's Declaration Does Not Disclose New Opinions Regarding the "Video Signal" in the ▮▮▮▮▮▮▮▮▮▮

Paragraphs 34-42 of Mr. Credelle's declaration describe ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



(emphases added).

The opinions in the above paragraphs of Mr. Credelle's declaration are disclosed in at least paragraphs 220, 227-229 and 233 of his infringement expert report, which explain that ███

---

[4] Paragraph 62 of Mr. Credelle's declaration contains similar statements as paragraph 48. Dkt. 272-1, at ¶ 62 ████████

Ex. 2 (Expert Report), ¶¶ 220, 227, 229 (emphases added).

Additionally, Mr. Credelle's deposition testimony further supports paragraphs 48-50 and 62 of his declaration. Ex. 3, 180:2-11, 181:9-12 ███████████████████████████ ████████ 130:1-6, 140:7-10 ████████████████████████

Samsung misrepresents Mr. Credelle's declaration with respect to the ███████████ ██████ incorrectly alleging that the only evidence Mr. Credelle cites is paragraphs 44-45, and 49-51 of his expert report. Mot., 8-9. In fact, paragraphs 42-49 of Mr. Credelle's declaration explain how ████████████████████████████████████████████████ ████████████████████████████████████ Dkt. 272-1 (Credelle Decl.), ¶¶ 42-49. These paragraphs cite paragraphs of his expert report that describe this functionality of the ██ in detail. *Id.*, at ¶¶ 42-49 (citing Ex. 2, ¶¶ 221-231, 233). In paragraph 50, Mr. Credelle then concludes: ████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████ Dkt. 272-1, ¶ 50. This statement is clearly a conclusion based on the discussion in the preceding paragraphs and is supported by all of the evidence cited in those paragraphs. Samsung's argument that Mr. Credelle's declaration cites only paragraphs 44-45 and 49-51 is therefore incorrect.

3.    **Mr. Credelle's Declaration Does Not Disclose New Opinions Regarding the "Video Signal" in the** ███████████████████████

Paragraphs 51-58 of Mr. Credelle's declaration describe the ██████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████ ██████████████████████████████████████████████



Dkt. 272-1 (Credelle Decl.), ¶¶ 52, 56-58 (emphases added).

The opinions in paragraphs 62, 56-58, and 63 of Mr. Credelle's declaration are disclosed in at least paragraphs 272-273 and 280 of his infringement expert report, which



Ex. 2 (Expert Report), ¶¶ 272-273, 280.

---

[5] Paragraph 63 of Mr. Credelle's declaration includes similar statements as paragraph 56.

Additionally, Mr. Credelle's deposition testimony further supports paragraphs 52, 56-58, and 63 of his declaration. Ex. 3, 180:2-11, 181:9-12 ███████████████████ ████████ 130:1-6, 140:7-10 ███████████████████.

Samsung also argues that Mr. Credelle's infringement theory is incorrect on the merits, relying on the Microsoft Press Computer Dictionary, which states that video signals can be represented by voltages, including "high and low voltages" in digital signals, and "fluctuating levels in a continuous stream" in analog signals. Mot., 10. This noninfringement argument is irrelevant on a motion to strike and should be disregarded. Further, it is also contradicted by Samsung's admission that the '521 patent's embodiments meet claim 1. Dkt. 271, "MSJ Reply", 3. In the '521 patent's embodiments, the video signal is received by the video driver and then combined with the power supply voltage (e.g., by adding or subtracting) to generate the video drive signal, which is supplied to the AMOLED display panel. Ex. 1, 4:9-14, 4:65-5:15, 5:40-46, 6:8-30, 7:2-8, 7:29-44. The video drive signal of the specification indisputably has different voltage "levels" than the video signal. MSJ Reply, 3-4 (explaining that the voltage of the '521 patent's video signal is Video.DAC and the voltage of the video drive signal is $v(t)=VDD-Video.DAC$ or $v(t)=VDD+Video.DAC$). Thus, the '521 patent's embodiments do not disclose the video driver and AMOLED display panel receiving the same exact "stream" of fluctuating voltage "levels" as Samsung argues Polaris must show to prove infringement. Instead, the '521 patent's embodiments illustrate that the same *video data* that is represented by the video signal received by the video driver is supplied to the AMOLED display panel as part of the video drive signal, which is also how the accused products work. Samsung's admission therefore contradicts its noninfringement argument and highlights that whether the accused products meet the "video signal" limitation of claim 1 is an issue of fact to be decided by the jury.

11

Therefore, paragraphs 35, 40-42, 48-50, 52, 56-59, and 61-63 of Mr. Credelle's declaration, merely explain the same opinions disclosed in his expert report and Samsung's Motion to Strike with respect to those paragraphs should be denied.

### B. Mr. Credelle's Declaration Is Consistent With His Expert Report as to the Positive Power Supply Voltage ████████

Samsung incorrectly argues that Mr. Credelle's opinions in paragraphs 40, 56, 61, and 63-64 of his declaration, which describe the positive power supply voltage as ████████████ contradict his prior opinions.[6] To be clear, there has been no change in either Polaris' or Mr. Credelle's position with regard to the positive power supply voltage being ████████ in the accused products. However, there is no dispute that, as Mr. Credelle explains in his declaration, ████████ is a reference voltage that represents the ideal value of the positive power supply voltage. MSJ, 2, n.4; Dkt. 272-1 (Credelle Decl.), ¶¶ 61, 63. What Samsung glosses over in its Motion is that Mr. Credelle's declaration explains that "[t]he operation of subtracting ████████ from ██████ results in a value that represents the positive power supply voltage, *scaled in comparison to the ideal reference value*." Dkt. 272-1, ¶ 61 (emphasis added); see also ¶ 63. Thus, contrary to Samsung's arguments, Mr. Credelle's declaration continues to assert that ████████ the positive power supply voltage. Rather, Mr. Credelle's declaration explains that the value of ████████████████ is a representation of the positive power supply voltage on a different scale, indicating the variance of ████████ from the ideal reference voltage ████████████ *Id.*, at ¶ 61, 63.

With respect to the ████ this theory expressed in paragraphs 40, 61, and 64 of Mr. Credelle's declaration is disclosed in paragraph 193 of his expert report. Ex. 2, ¶ 193 ████████ *will*

---

[6] Paragraphs 40 and 61 relate to the S22 representative product, which uses the term ████████ to refer to the ideal power supply voltage. Paragraphs 56 and 63 relate to the Book 4 Pro representative product, for which the ideal power supply voltage is referred to as ████████ instead of ████████, but is used in the same manner. Mot., 5, n.2. Paragraph 64 cites Mr. Credelle's deposition testimony regarding the subtraction of ████████ from ████████ in the context of the S22.



*reference the analog video signals* ███████████████████████) (emphasis added). Similarly, with respect to the Book 4 Pro, the theories in paragraphs 56 and 63 are disclosed in paragraphs 260, 265, and 290 of his infringement expert report. *Id.*, at ¶¶ 260, 265, 290███

███████████████████████████████████

Additionally, Samsung argues that paragraph 62 of Mr. Credelle's declaration relating to the ███████████████ includes a new opinion by Mr. Credelle's declaration opines that with respect to claim 7, the expression ████████████████ is the positive power supply voltage. But Mr. Credelle further explains that "multiplying████████████████ results in a voltage that represents the positive power supply voltage, *calibrated to the default gamma high voltage.*" Dkt. 272-1, ¶ 62. (emphasis added). Thus, as with the ███ Mr. Credelle did not change his theory that ████ s the positive power supply voltage, but rather that the expression above represents a recalibrated version of the positive power supply voltage. This is supported by paragraphs 145 and 226 of Mr. Credelle's infringement report. Ex. 2, ¶¶ 145, 226

████████████████████████████████████████████

████████████████████████████████████

Therefore, Samsung's motion to strike should be denied as to paragraphs 40, 56, and 61-64 of the Credelle Declaration.

### C. The Statements in the Credelle Declaration are Substantially Justified and Harmless

For the reasons set forth above, the Credelle Declaration has not contradicted the positions taken in his expert report; at most it supplements his prior testimony. Therefore, Samsung's cases applying the "sham affidavit" doctrine do not apply. *Murphy v. Beaumont Indep. Sch. Dist.*, No. 1:22-CV-135, 2024 WL 3957247, at *3 (E.D. Tex. Aug. 26, 2024) ("The [sham affidavit] doctrine does not apply when the declaration merely supplements, rather than contradicts, the prior testimony.") (citing *Seigler v. Wal-Mart Stores Texas, L.L.C.*, 30 F.4th 472, 477 (5th Cir. 2022);

*Durant v. Brooks*, 826 F. App'x 331, 336 (5th Cir. 2020)); *see also PalTalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-CV-367(DF), 2009 WL 10677720 at *2 (E.D. Tex. Feb. 11, 2009) ("[T]he Declaration at issue was nothing more than an elaboration on opinions already expressed in [the] expert report.").

To the extent the Court finds that the theories in the Credelle declaration were not sufficiently disclosed in Mr. Credelle's expert report, any such failure to disclose was harmless and the Court should not strike the Credelle declaration.[7] The four factors of the Rule 37 analysis support this outcome. *Allergan Sales,* 2016 WL 7209798, at *2 ("Since [movant] has been afforded a full and fair opportunity to rebut the allegedly undisclosed opinions . . . with its own expert declaration, it suffers no prejudice or harm."); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 874737 at *6 (E.D. Tex. Mar. 5, 2016) (finding little if any prejudice where expert's methodology had not changed).

As to the first factor, the party's explanation for its failure to disclose, the Credelle Declaration restated opinions previously disclosed in Mr. Credelle's expert report or, at most, provided an elaboration on previously disclosed opinions. This factor thus weighs in favor of denying the motion to strike. The second factor, the importance of the disclosure, weighs in favor of Polaris. The issues regarding the noninfringement arguments Samsung raised in its motion for summary judgment are admittedly important to both sides. As to the third factor, prejudice, the Credelle Declaration was submitted more than two months before trial and Samsung had an opportunity to respond to the points raised in the declaration in its Reply papers and did so. Thus, prejudice to Samsung is minimal. With regard to the fourth factor, a continuance is not necessary

---

[7] Even if the Court strikes the Credelle declaration, all of the material from that expert declaration is found in Mr. Credelle's expert report, as described above. The relevant portions of Mr. Credelle's expert report alone preclude summary judgment.

as Samsung had ample time to address the arguments in the Credelle Declaration in its Reply prior to the hearing on the motion for summary judgment.

Furthermore, the cases Samsung relies on are distinguishable. In *EpicRealm Licensing, LP v. Autoflex Leasing Inc.*, No. 5:07-cv-125-DF, 2008 WL 8781699 at *2-3 (E.D. Tex. Aug. 17, 2008), the supplemental expert declaration at issue was prejudicial as it cited new evidence, specifically source code for a previously undisclosed product, and was served after the hearing on the motion for summary judgment and only four days before jury selection. In contrast, the Credelle Declaration cites no new evidence and was submitted more than two months before trial, giving Samsung ample time to respond. In *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-cv-584 (E.D. Tex. Sept. 11, 2015), ECF No. 126, the declaration was untimely filed after the hearing on the motion for summary judgment. Dkt. 272-4, at 6-7. Additionally, the declaration consisted of a direct contradiction of the witness' prior deposition testimony. *Id.*, at 5, 8. In contrast, as discussed above and contrary to Samsung's arguments, the Credelle Declaration does not contradict Mr. Credelle's expert report or deposition testimony. In *In re Complaint of C. F. Bean L.L.C.*, 841 F.3d 365, 370-71 (5th Cir. 2016), *Shaboon v. Duncan*, 252 F.3d 722, 736-37 (5th Cir. 2001), and *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997), the expert testimony at issue included only conclusory opinions with no analysis, unlike the Credelle Declaration which describes the operation of Samsung's products in detail. In *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 432-33 (5th Cir. 2012), the court of appeals affirmed striking an untimely expert affidavit that made a bald claim that the opinions were the product of reliable principles and standards without providing any details regarding those principles and standards.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Samsung's motion to strike the declaration of Thomas L. Credelle.

September 10, 2024

Respectfully submitted,

/s/ *Robert F. Kramer*

Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@krameralberti.com
David Alberti
CA Bar No. 220265 (Admitted E.D. Texas)
dalberti@krameralberti.com
Sal Lim
CA Bar No. 211836 (Admitted E.D. Texas)
slim@krameralberti.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@krameralberti.com
Robert Mattson
Virginia Bar No. 43568 (*pro hac vice*)
rmattson@krameralberti.com
James P. Barabas
NJ Bar No. 018262000 (*pro hac vice*)
jbarabas@krameralberti.com
Andrew Hamill
CA Bar No. 251156 (Admitted E.D. Texas)
ahamill@krameralberti.com
Jeremiah A. Armstrong
CA Bar No. 253705 (*pro hac vice*)
jarmstrong@krameralberti.com
Aidan Brewster
CA Bar No. 319691 (*pro hac vice*)
abrewster@krameralberti.com
Ryan Dooley
CA Bar No. 321645 (*pro hac vice*)
rdooley@krameralberti.com
**KRAMER ALBERTI LIM &
TONKOVICH LLP**
577 Airport Blvd., Ste 250
Burlingame, CA 94010
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

Nicole Glauser
Texas Bar No. 24050694
nglauser@krameralberti.com
**KRAMER ALBERTI LIM
& TONKOVICH LLP**
500 W 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (737) 256-7784

16

Facsimile: (650) 460-8443

Deron R. Dacus
Texas Bar No. 00790533
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C**.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-7233
Facsimile: (903) 581-2543

*Attorneys for Plaintiff*
*Polaris PowerLED Technologies, LLC*

### CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on September 10, 2024, on all counsel of record who have consented to electronic service, and all confidential versions of this filing will be served upon all counsel of record by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

### CERTIFICATE
### OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 50) entered in this case on June 28, 2023

*/s/ Robert F. Kramer*
Robert F. Kramer

17