**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | C.A. No. 2:22-cv-00469-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG DISPLAY CO., LTD., | § § § § § | |
| Defendants. | § | |

**DEFENDANTS' MOTION FOR SUPPLEMENTAL**
**CLAIM CONSTRUCTION FOR U.S. PATENT NO. 7,259,521**

## TABLE OF CONTENTS

**PAGE**

I.  Introduction ........................................................................................................... 1

II.  Factual Background ................................................................................................ 1

III.  Applicable Legal Principles .................................................................................. 3

IV.  Argument ............................................................................................................... 4

    A.  Polaris' statements constitute prosecution disclaimer because they were clear and unmistakable. ..............................................................................................4

    B.  Other claim construction principles support Samsung's supplemental claim construction. ...............................................................................................5

    C.  Judicial estoppel supports Samsung's supplemental claim construction. ................7

V.  Conclusion ............................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017)........................................................................................3, 4

*CCS Fitness, Inc. v. Brunswick Corp.*,
288 F.3d 1359 (Fed. Cir. 2002)..............................................................................................4

*CommScope Techs. LLC v. Dali Wireless Inc.*,
10 F.4th 1289 (Fed. Cir. 2021) ..............................................................................................6

*Huawei Techs. Co. v. T-Mobile US Inc.*,
No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567 (E.D. Tex. Sept. 9, 2017).......................3, 5

*Markman v. Westview Instruments, Inc.*,
517 U.S. 370 (1996)...................................................................................................................6

*New Hampshire v. Maine*,
532 U.S. 742 (2001)...................................................................................................................4

*Omega Eng'g, Inc. v. Raytek Corp.*,
334 F.3d 1314 (Fed. Cir. 2003)................................................................................................3

*Sherwin-Williams Company v. PPG Industries, Inc.*,
2024 WL 3534113 (Fed. Cir. July 25, 2024)....................................................................4, 7, 8

*T-Netix, Inc. v. Glob. Tel*Link Corp.*,
No. 2:01-CV-189, 2003 WL 25782759 (E.D. Tex. Aug. 15, 2003).........................................3

*Vitronics Corp. v. Conceptronic*,
Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996)..............................................................................3, 5

STATUTES

35 U.S.C. § 315(e)(2)...............................................................................................................7

## I.    Introduction

Samsung respectfully requests a supplemental claim construction for U.S. Pat. No. 7,259,521 ("the '521 Patent"). This motion arises from a Final Written Decision (FWD) issued by the Patent Trial and Appeal Board of the U.S. Patent Office ("Board") on October 11, 2024 in Samsung's *inter partes* review challenge of the '521 Patent. In particular, the issue presented is whether a claim interpretation that was urged by Polaris and, in turn, adopted by the Board in the FWD to reject an invalidity ground asserted by Samsung should be adopted in this litigation. Samsung respectfully submits Polaris' arguments to the Board present a clear prosecution disclaimer that should be applied here, and that Polaris should also be judicially estopped from arguing otherwise. Polaris opposes; its position is that no further construction is warranted, contrary to the fundamental principle that patent owners cannot argue claims one way to preserve validity and another way for infringement.

## II.    Factual Background

At the outset of this case, Samsung filed an *inter partes* review petition with the Board. IPR2023-00771, Paper 1 (PTAB, March 2023). The review was instituted, and on October 11, 2024, the Board issued its FWD. Ex. A. The FWD invalidated all claims asserted in this litigation.[1] *Id.* at 81. But it nevertheless provides important guidance regarding a key claim term in asserted claim 1 of the '521 Patent from which another claim (claim 5) that was not found invalid, depends.[2]

---

[1] Claims 1 and 7 are asserted in this case. In light of the FWD, Samsung has moved for a severance of issues relating to the '521 Patent, and a stay of the severed portion of the case. Dkt. 340.

[2] The Petition challenged the validity of claims 1-5 and 7 of the '521 Patent. The FWD invalidated claims 1-4 and 7 in view of invalidity grounds based on the *Kim* or *Steer* prior art references. Ex. A at 81. However, the FWD found that the invalidity grounds based on the *Hayafuji* prior art reference (challenging claims 1-3 and 5) did not show the claims unpatentable. *Id.* As a result, claim 5 was not found invalid. *Id.*

1

In the FWD, the Board was persuaded by Polaris' arguments to find in Polaris' favor on an asserted invalidity ground based on U.S. Pat. Pub. No. 2005/0190128 ("*Hayafuji*"). Ex. A, FWD, at 42, 53. Specifically, the Board agreed with Polaris' argument that the "video drive signal . . . referenced to a positive power supply voltage" limitation in claim 1 requires that the entire positive power supply (PPS) voltage, not just a portion, must be the baseline for the claimed video drive signal. Ex. A, FWD, at 49; *see also* Ex. B, PO Resp., at 40; Ex. C, PO Sur-Reply, at 11. As a result, the Board found that *Hayafuji* failed to invalidate the challenged claims. Ex. A, FWD, at 42-52.

Because Polaris' arguments convinced the Board to reject the *Hayafuji* ground and find that "referenced to" requires the entire PPS voltage be the baseline for the video drive signal, well-established principles of prosecution disclaimer, as well as judicial estoppel, dictate that Polaris now be held to that position. Due to Polaris' disavowals of claim scope made to overcome and eventually prevail against the *Hayafuji* reference, Samsung requests that the Court further construe "referenced to" consistent with the Board's ruling based on Polaris' positions.

In its claim construction order, Dkt. 171, the Court provided the following construction:[3]

| Term | Current Construction |
|---|---|
| "a video driver receiving the video signal and generating a video drive signal indicative of the video signal and referenced to a positive power supply voltage of the AMOLED display panel" | "a video driver receiving the video signal and connected to a positive power supply voltage of the AMOLED display panel and generating a video drive signal indicative of the video signal based on the positive power supply voltage |

Due to Polaris' successful arguments to the Board, Samsung respectfully requests the following amendment to the Court's construction:

---

[3] The Court largely adopted Samsung's proposed construction for the broader phrase which includes the term "referenced to." *See* Dkt. 171, 8-11. Samsung did not agree with Polaris' position regarding "referenced to" during the pending IPR, and, consistent with Samsung's disagreement on that construction, Samsung did not propose it in connection with claim construction in this case.

| Term | Proposed Amended Construction |
|------|-------------------------------|
| "a video driver receiving the video signal and generating a video drive signal indicative of the video signal and referenced to a positive power supply voltage of the AMOLED display panel" | "a video driver receiving the video signal and connected to a positive power supply voltage of the AMOLED display panel and generating a video drive signal indicative of the video signal ~~based on the positive power supply voltage~~, **wherein the entire positive power supply voltage, not just a portion, is the baseline for the video drive signal**." |

## III.    Applicable Legal Principles

The intrinsic evidence, which includes *inter partes* review proceedings, is "the most significant source of the legally operative meaning of disputed claim language." *Vitronics Corp. v. Conceptronic*, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996); *see also T-Netix, Inc. v. Glob. Tel\*Link Corp.*, No. 2:01-CV-189, 2003 WL 25782759, at \*2 (E.D. Tex. Aug. 15, 2003) (same). A patent applicant may, as Polaris has done here, "limit[] the invention in the course of prosecution," and then, "the claim scope [is] narrower than it would otherwise be." *Id.* For these reasons, Federal Circuit precedent holds that prosecution disclaimer precludes patentees from "recapturing through claim interpretation specific meanings disclaimed during prosecution." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003). "[F]or prosecution disclaimer to attach, our precedent requires that the alleged disavowing actions or statements made during prosecution be both clear and unmistakable." *Id.* at 1325-26.

The Federal Circuit has expressly applied these principles to IPR proceedings, holding that "statements made by a patent owner during an IPR proceeding can be relied upon to support a finding of prosecution disclaimer." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017); *see also Huawei Techs. Co. v. T-Mobile US Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567, at \*1-3 (E.D. Tex. Sept. 9, 2017) (noting "[s]tatements made by a patentee during an IPR proceeding may support a finding of disclaimer" even where the Board does not agree), *report and recommendation adopted by* 2017 WL 4310161 (E.D. Tex. Sept. 28, 2017). The rationale for

3

this rule is straightforward—it is a fundamental principle of patent law that patent owners cannot argue claims one way to preserve validity and another way to try to show infringement. *Aylus Networks*, 856 F.3d at 1359-1361.

When applying the doctrine of judicial estoppel, courts use the following nonexclusive factors to guide the inquiry: "(1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Sherwin-Williams Company v. PPG Industries, Inc.*, 2024 WL 3534113 (Fed. Cir. July 25, 2024) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)) (internal quotation marks omitted).

## IV.    Argument

### A.    Polaris' statements constitute prosecution disclaimer because they were clear and unmistakable.

Polaris' arguments made in the IPR to distinguish *Hayafuji* constitute a clear prosecution disclaimer.[4]  For example, Polaris argued:

> In the context of the '521 patent, a video drive signal is ***referenced to the positive power supply*** when the positive power supply is used as a baseline to measure the voltage. EX2011, para 127.  This is analogous to having a voltage that is referenced to the ground.  As illustrated by the following equations, each embodiment of the '521 patent uses either the ***entire power supply voltage***, VDD, or the main component of the power supply voltage, VDC, ***as a baseline*** to measure the voltage of the video drive signal . . . ***In contrast to the '521 patent***, the alleged video drive

---

[4] The Court could reach the same result under the lexicography doctrine. Polaris applied a particular definition of "referenced to" during prosecution of the IPR and as such must be held to it. *See CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002) (explaining that the patentee's definition governs where "the patentee acted as his own lexicographer and clearly set forth a definition of the disputed claim term in either the specification or prosecution history").

signal Vgate of *Hayafuji is not calculated using the positive power supply voltage as a baseline* and is thus not "referenced to a positive power supply voltage.

Ex. B, PO Resp., at 40.

First, Petitioner's argument that adding only a single component of the positive power supply voltage, the ripple component, is directly contrary to the *claim language* "the video signal and referenced to a positive power supply voltage of the AMOLED display panel," *which plainly requires that the video signal be referenced to the entire positive supply voltage of the AMOLED display panel not just some component*.

Ex. C, PO Sur-Reply, at 11.

The Board agreed with Polaris and adopted Polaris' position:

Patent Owner argues that each embodiment of the '521 patent "uses either the *entire power supply voltage*, VDD, or the main component of the power supply voltage, VDC, as a *baseline* to measure the voltage of the video drive signal. . . . we determine that the *claim language requires* the positive power supply voltage Va to be referenced to video drive signal Vgate, and *because only a portion of it is*, we are not persuaded by a preponderance of the evidence that Hayafuji discloses this claim limitation.

Ex. A, FWD, at 52; *see also id.* at 47. The Court should thus further construe the term in accordance with Polaris' disclaimer. *See Huawei*, 2017 WL 4385567, at *1-3.

## B.  Other claim construction principles support Samsung's supplemental claim construction.

Samsung's request that the Court adopt the Board's FWD ruling regarding "referenced to" is grounded in basic principles of claim construction. Not only are Polaris' disclaimer and the Board's ruling on the *Hayafuji* ground clear and unmistakable, but as a FWD in a proceeding before the Patent Office, it is the most recent prosecution history of the '521 patent, and thus serves as a primary source of evidence for the meaning of the claims. *See Vitronics*, 90 F.3d at 1582 ("Such intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language.").

5

The Board's analysis and application of *Hayafuji* clearly establish, and a skilled artisan would understand, that the "referenced to" claim limitation requires the "entire positive power supply voltage," and that "only a portion it" does not suffice. *See* FWD, Ex. A, at 52. Prior to the FWD, Samsung argued against Polaris' proposed application of that term to *Hayafuji* as too narrow. *See* Ex. A, FWD, at 49 (citing Pet. Reply at 17) ("According to Petitioner, because Vri is a component of the positive power supply voltage, referencing the video drive signal to it is sufficient to be 'referenced to' the positive power supply voltage.") (cleaned up). Accordingly, a skilled artisan reading the file history would conclude, based on the Board's rejection of Samsung's argument, that the entire PPS voltage must be "referenced to."

Further, the "importance of uniformity in the treatment of a given patent" is a well-established principle in favor of adopting the Samsung's proposed construction. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996); *see also CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289, 1299 (Fed. Cir. 2021) ("[A] patent may not, like a nose of wax, be twisted one way to avoid anticipation and another to find infringement.") (internal quotation marks omitted). Polaris' opposition to *any* supplemental construction demonstrates it is attempting to do exactly what *CommScope* prohibits. In the IPR, Polaris successfully argued for validity over *Hayafuji* on the premise that the claimed "video drive signal" must be "referenced to" the "entire power supply voltage" that constitutes a "baseline" for the video drive signal. FWD at 47 (citing PO Resp. at 40). Polaris should not be permitted to rely upon the Board's use of Polaris' narrower interpretation to save its patent from invalidity, and at the same time disregard that narrower interpretation in its infringement claim or other aspects of this dispute.

Moreover, the general principle that claims should be treated identically for validity and infringement should apply with special force here, where IPR estoppel prevents Samsung from

6

raising certain invalidity defenses in this proceeding. *Cf.* 35 U.S.C. § 315(e)(2) (providing for estoppel "on any ground that petitioner raised or reasonably could have raised during that inter partes review"). If Polaris is permitted to assert infringement under a broader claim scope than the claim scope it successfully argued to overcome invalidity in view of *Hayafuji* in the IPR, Samsung will have been denied *any* opportunity to invalidate Polaris' patent based on that broader construction using the *Hayafuji* reference, not before the Board (which rejected it) and not in this Court where IPR estoppel now applies. That would not just be inconsistent with basic claim construction principles, it would be fundamentally unfair.

### C.    Judicial estoppel supports Samsung's supplemental claim construction.

In addition to basic principles of claim construction, judicial estoppel supports adoption of Samsung's proposed amended construction. *See Sherwin-Williams*, 2024 WL 3534113, at *6-10. For the reasons discussed above, all three factors are met here, and, as the Federal Circuit found in *Sherwin-Williams*, the doctrine of judicial estoppel applies to positions taken in parallel proceedings at the Board and in a district court. *Id.* at *9.

*Sherwin-Williams* involved prior reexamination proceedings where the patentee, Sherwin-Williams, successfully argued that a prior art reference lacked "flexibility to provide a reasonable expectation of success" in a prior art combination because it disclosed a "BPA-free substance." *Id.* at *1. In a later district court proceeding, Sherwin-Williams asserted continuation patents against the same party, PPG, who had unsuccessfully challenged the parent patents. This time, PPG argued that the same prior art reference invalidated the asserted claims because it *is* BPA-free, a requirement of the newly asserted claims. *See id.* at *2. The district court held that Sherwin-Williams was judicially estopped from presenting evidence that the composition disclosed by the prior art reference was not BPA-free, "having prevailed on that issue at the prior proceedings

7

before the Board." *Id.* The jury found the claims invalid, and Sherwin-Williams appealed the judgment, including the finding of judicial estoppel. *Id.*

The Federal Circuit affirmed. It explained that the district court properly determined that all of the judicial estoppel factors were met, and that the Board is "an administrative body to which judicial estoppel applies." *Id.* at *7-9.  The Court also found that Federal Circuit law, not regional circuit law, governs this judicial estoppel determination because "the issue arose from conduct in an adjudicatory proceeding before the Patent and Trademark Office ('PTO') over which [the Federal Circuit has] exclusive jurisdiction." *Id.* at *6.

Here, for the reasons discussed above, each of the judicial estoppel factors is applicable. Allowing Polaris to argue that a video drive signal using less than the entire PPS voltage as a baseline can meet the "referenced to" limitation would be "clearly inconsistent" with Polaris' statements in the IPR proceeding. It would also create the perception that the Board was "misled" in rejecting Samsung's challenge on that ground, and it would be "unfair" to Samsung who lost on the *Hayafuji* ground in the IPR and is estopped from raising it in the district court. Accordingly, the Court should judicially estop Polaris from contesting Samsung's proposed construction.

## V.    Conclusion

For the foregoing reasons, Samsung respectfully requests that the Court amend its construction of "a video driver receiving the video signal and generating a video drive signal indicative of the video signal and referenced to a positive power supply voltage of the AMOLED display panel" to mean "a video driver receiving the video signal and connected to a positive power supply voltage of the AMOLED display panel and generating a video drive signal indicative of the video signal, wherein the entire positive power supply voltage, not just a portion, is the baseline for the video drive signal."

8

Dated: October 24, 2024

Respectfully submitted,

*/s/ Neil P. Sirota*

Neil P. Sirota
neil.sirota@bakerbotts.com
Eric J. Faragi
eric.faragi@bakerbotts.com
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501

Kevin M. Sadler (Tex. Bar No. 17512450)
kevin.sadler@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7518
Facsimile: (650) 739-7618

Morgan Mayne (Tex. Bar No. 240843387)
morgan.mayne@bakerbotts.com
Emily Deer (Tex. Bar. No. 24116352)
emily.deer@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (212) 953-6500
Facsimile: (212) 953-6503

Mark Oda
mark.oda@bakerbotts.com (Cal. Bar No. 323768)
BAKER BOTTS L.L.P.
101 California Street, Suite 3200
San Francisco, CA 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Lance Goodman (Tex. Bar No. 24132186)
lance.goodman@bakerbotts.com
BAKER BOTTS L.L.P.
401 South 1st Street, Suite 1330
Austin, Texas 78704

9

Telephone: (512) 322-2500
Facsimile: (512) 322-2501

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew T. Gorham (Tex. Bar No. 24012715)
tom@gillamsmith.com
James Travis Underwood (Tex. Bar No. 24102587)
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Defendant Samsung Display Co., Ltd.*

*/s/ Ryan K. Yagura*
Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (Cal. Bar No. 247738)
nwhilt@omm.com
Benjamin Haber (Cal. Bar No. 287085)
bhaber@omm.com
Laura M. Burson (Tex. Bar. No. 24091995)
lburson@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Timothy S. Durst (Tex. Bar No. 00786924)
tdurst@omm.com
Grant Ellis Gibson (Tex. Bar No. 24117859)
ggibson@omm.com
**O'MELVENY & MYERS LLP**
2801 North Hollywood Street Suite 1600

10

Dallas, TX 75201
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

Melissa Richard Smith (Tex. Bar No. 24001351)
melissa@gillamsmith.com
**GILLAM & SMITH, LLP**
303 South Washington Ave.
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Andrew T. Gorham (Tex. Bar No. 24012715)
tom@gillamsmith.com
James Travis Underwood (Tex. Bar No. 24102587)
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257


*Counsel for Defendants Samsung Electronics, Co. Ltd. and Samsung Electronics America, Inc.*

11

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that the movant has complied with the meet and confer requirement in Local Rule CV-7(h) and the motion is opposed. A telephonic meet and confer was conducted on October 18 and 21, 2024, with follow up email correspondence on October 22, 2024, and Polaris advised that it opposes this motion, leaving an open issue for the Court to resolve.

*/s/ Neil P. Sirota*
Neil P. Sirota

1

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, a true and correct copy of the foregoing document is being served via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

*/s/ Neil P. Sirota*
Neil P. Sirota

2