IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG DISPLAY CO., LTD., <br><br> *Defendants*. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 2:22-CV-00469-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Polaris PowerLED Technologies, LLC's ("Plaintiff") Opposed Motion for Leave to Serve August 12, 2024, Supplemental Expert Report of Richard Flasck (the "Motion"). (Dkt. No. 254.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **GRANTED**.

**I.   BACKGROUND**

On December 12, 2022, Plaintiff filed a complaint for patent infringement against Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Display Co., Ltd. (collectively, "Defendants"). (Dkt. No. 1.) The Complaint alleges that Defendants infringe three United States patents. (*Id.* ¶ 1.) On June 15, 2023, the Court issued a docket control order setting the case deadlines up to trial. (Dkt. No. 43.) The order set forth, *inter alia*, the following deadlines: (1) the parties must serve opening expert reports by June 7, 2024; (2) the parties must serve rebuttal expert reports by June 28, 2024; and (3) expert discovery shall be complete by July 15, 2024. (*Id.*) On May 29, 2024, in response to a joint motion from the parties,

the Court amended the deadlines as follows: (1) the parties must serve opening expert reports by June 21, 2024; (2) the parties must serve rebuttal expert reports by July 12, 2024; and (3) expert discovery shall be complete by July 29, 2024. (Dkt. No. 155.)

On June 21, 2024, Plaintiff served its opening expert report on infringement by Richard Flasck. (Dkt. No. 254 at 10; Dkt. No. 254-12.) On July 12, 2024, Defendants served their rebuttal expert report on non-infringement by Dr. John Villasenor. (Dkt. No. 254 at 10; Dkt. No. 254-3.) On August 12, 2024, Plaintiff informally served Defendants with the supplemental expert report on infringement by Richard Flasck ("Supplemental Flasck Report"). (Dkt. No. 254 at 12; Dkt. No. 254-2.) In the Motion, Plaintiff seeks leave to formally serve the Supplemental Flasck Report.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that the written report of a testifying expert must be disclosed to the other party, and that such disclosures must be made at the times that the Court orders. Fed. R. Civ. P. 26(2)(B), (D). A modification of the Court's scheduling order may only occur if good cause is shown and with the Court's consent. Fed. R. Civ. P. 16(b)(4). In determining whether good cause has been shown, the Court considers four factors: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

## III.    DISCUSSION

### A.    Explanation for Delay

Plaintiff argues that it could not have addressed Defendants' new non-infringement theory in Mr. Flasck's opening report because Defendants raised it for the first time in Dr. Villasenor's rebuttal report. (Dkt. No. 254 at 13-14.) Defendants counter that Dr. Villasenor's rebuttal report

does not offer a new non-infringement theory. (Dkt. No. 299 at 11.) Defendants assert that their fourth supplemental response to Interrogatory No. 19[1] "superseded" their prior responses and identified the correct source code and signals that support their non-infringement theory. (*Id.* at 8-10, 12-14.) Defendants argue that the Supplemental Flasck Report includes infringement analyses that Mr. Flasck could and should have included in his opening expert report. (*Id.* at 5-8.)

The Court finds that Plaintiff provided a sufficient explanation for its delay and demonstrated its diligence. Defendants' initial responses to Interrogatory No. 19 identified their non-infringement position concerning a first variant of source code used by the accused products. (Dkt. No. 254 at 4-5; Dkt. No. 254-7.) It was not until their June 4, 2024, fourth supplemental response that Defendants first identified a second variant of source code as their non-infringement defense. (Dkt. No. 254 at 6-7; Dkt. No. 254-7.) Defendants' change in their non-infringement position—identifying a second variant of the source code used by the accused products—two weeks before the deadline to serve opening expert reports supports Plaintiff's diligence.[2]

**B.    Importance**

Plaintiff asserts that "[t]he importance of the Dr. Villasenor's new noninfringement position and the related new code, and Mr. Flasck's ability to rebut it, is important." (Dkt. No. 254 at 13.) Plaintiff contends that Mr. Flasck demonstrated that one variant of source code results in Defendants infringement and Dr. Villasenor presented a new non-infringement defense based on a new second variant of source code. (*Id.*) Plaintiff argues that the Court should allow Mr. Flask to rebut Mr. Villasenor's new non-infringement theory and demonstrate that Defendants still infringe

---

[1] Plaintiff's Interrogatory No. 19 requested Defendants' non-infringement position concerning one of the asserted patents. (Dkt. No. 254-7.)
[2] The Court acknowledges that Defendants' fourth supplemental response to Interrogatory No. 19 states that this response "supersedes" their prior responses. However, the Court believes that words matter. A party *supplements* a discovery response to supply additional information. A party *amends* a discovery response to correct something that is no longer accurate by replacing what was previously served.

3

based on the second variant of source code. (*Id.*) Defendants do not address the importance factor. (*See* Dkt. No. 299.)

The Court finds that the Supplemental Flasck Report is sufficiently important to support Plaintiff's Motion. Given that experts are confined to the contents of their reports, if the Court denies the Motion, Mr. Flasck would be unable to respond to Defendants' new non-infringement theory regarding the second variant of source code.

### C.   Prejudice

Plaintiff contends that any prejudice Defendants will suffer is self-inflicted. (*Id.* at 15.) Defendants argue that they are prejudiced by the Supplemental Flasck Report because Plaintiff informally served it after the close of discovery, 34 hours before Mr. Flasck's deposition, and less than three months from trial.[3]

The Court recognizes that Defendants would suffer some limited prejudice in the Court granting Plaintiff's requested relief. However, the Court also recognizes that prohibiting Plaintiff to respond to Defendants' new non-infringement theory would also inflict prejudice. Defendants have had the Supplemental Flasck Report for over three months now. In addition, any potential prejudice Defendants will suffer is mitigated by the Court granting Defendants leave to take a limited, expedited deposition of Mr. Flasck concerning his supplemental report and granting Defendants leave to file a limited supplemental expert report responding to the new information contained in the Supplemental Flasck Report.

### D.   Continuance

Plaintiff asserts that given the time between the Pretrial Conference, currently set for December 18, 2024, and Trial, currently set for January 13, 2025, "there is sufficient time for

---

[3] When Plaintiff filed the Motion, trial was set for October 28, 2024. Since Plaintiff filed the Motion, the Court has reset trial for January 13, 2024.

4

Samsung to serve a supplemental rebuttal report, and there should be no need for a continuance of the trial or any hearing." (Dkt. No. 254 at 15.) Defendants argue that a continuance is not feasible given the late stage of the case. (Dkt. No. 299 at 15.)

The Court is not inclined to cure any potential prejudice through a continuance. The Pretrial Conference is not set for another month and Trial is about two months away. Defendants have had the Supplemental Flasck Report for several months now. Any prejudice to Defendants has since been cured by the delay of the Pretrial Conference and Trial. Further, as discussed above, any prejudice is mitigated given the Court granting Defendants leave to conduct a limited deposition and serve a limited supplemental rebuttal report.

### IV.   CONCLUSION

Having considered the parties' briefing, and in light of the foregoing reasons, the Court finds that good cause exists and the Motion should be and hereby is **GRANTED**. Accordingly, the Court **GRANTS** Plaintiff leave to formally serve the Supplemental Flask Report (Dkt. No. 254-2). The Court **ORDERS** that Plaintiff make Mr. Flasck available for a two-hour deposition before December 6, 2024. The deposition is limited to the new material in the Supplemental Flasck Report. The Court **ORDERS** that Defendants are permitted to serve a supplemental rebuttal report within seven (7) days of Mr. Flasck's deposition. The supplemental rebuttal report is limited to addressing Mr. Flasck's supplemental opinions. The Court **ORDERS** that Defendants make their expert available for a two-hour deposition within fourteen (14) days of serving their supplemental rebuttal report. The deposition is limited to the new material in Defendants' supplemental rebuttal report. The Court further **ORDERS** that any *Daubert* motions or motions to strike either the Supplemental Flasck Report or Defendant's supplemental rebuttal report be filed by January 3, 2025, with any opposition(s) filed by January 8, 2025. Any such motion and any opposition thereto

are limited to four (4) pages. No replies or sur-replies are permitted, unless expressly ordered by the Court.

**So Ordered this**

**Nov 21, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE