# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-cv-00469-JRG |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG DISPLAY CO., LTD., | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Renewed Motion to Sever and Stay Proceedings as to U.S. Patent No. 7,259,521 (the "Motion") filed by Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Display Co., Ltd. (collectively, "Samsung"). (Dkt. No. 340.) In the Motion, Samsung renews its request that the Court sever and stay proceedings related to U.S. Patent No. 7,259,251 ("Count I") pending the outcome of Plaintiff Polaris PowerLED Technologies, LLC's ("Polaris") appeal of the Patent Trial and Appeal Board's ("PTAB") final written decision on the '521 Patent. Having considered the Motion and related briefing, the Court finds that it should be and hereby is **DENIED**.

## I.    BACKGROUND

Polaris filed this lawsuit on December 12, 2022, accusing Samsung of infringing U.S. Patent No. 7,259,521 (the "'521 Patent"); U.S. Pat. No. 8,217,887 (the "'887 Patent"); and U.S. Pat. No. 8,740,456 (the "'456 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1 ¶ 1.) After the filing of the Complaint, Samsung filed *inter partes* review ("IPR") petitions against each of

the Asserted Patents. (*See* Dkt. No. 55 at 1.) The PTAB declined to institute IPR on the '887 and '456 Patents. (*Id.* at 3.) On October 16, 2023, the PTAB instituted an IPR against all asserted claims of the '521 Patent. (*Id.*) On October 30, 2023, Samsung moved to sever and stay Count I of the Complaint until after the PTAB issued its final written decision on the '521 Patent. (Dkt. No. 55.) The Court denied Samsung's motion without prejudice. (Dkt. No. 96.)

On October 11, 2024, the PTAB issued its final written decision on the '521 Patent, finding that both claims Polaris asserts against Samsung—claims 1 and 7—are invalid. (Dkt. No. 340 at 3-4.) In the Motion, Samsung moves to sever and stay Count I of the Complaint pending the outcome of Polaris' appeal of the PTAB's final written decision of the '521 Patent. (*Id.* at 1.)

## II.    LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A stay of proceedings pending *inter partes* review of a patent is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intel., LLC v. Millennial Media, Inc.*, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring*, Inc., 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL

1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* Federal Rule of Civil Procedure 21 "provides a district court broad discretion" to sever any claim against a party. *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-1112-JRG, 2015 WL 1263346, at *2 (E.D. Tex. Mar. 19, 2015) (internal quotation omitted).

## III.    DISCUSSION

### A.    A Stay will Unduly Prejudice Polaris

Samsung argues "Polaris cannot credibly argue it would be *unduly* prejudiced by not going to trial on patent claims that are *invalid*." (Dkt. No. 340 at 8 (emphasis added by Samsung).) Samsung asserts that many of the Court's previous concerns are moot. (*Id.*) Specifically, Samsung argues that contrary to the Court's "concern that a partial stay would 'subdivide the case without material benefit' in view of the 'likely' outcome that claims would survive the IPR," the PTAB invalidated all claims Polaris is asserting against Samsung. (*Id.* at 8-9.) Samsung also argues that the Court's concern regarding "duplicative actions" would only be with respect to a separate trial on the '521 Patent if the Federal Circuit reverses the PTAB's decision.[1] (*Id.* at 9.)

Polaris argues that it would suffer undue prejudice if the Court severed and stayed Count I because Polaris has the right to enforce its patent rights timely. (Dkt. No. 345 at 8-9.) Polaris contends that staying Count I would result in a one to one-and-a-half-year delay in resolving its claims on the '521 Patent. (*Id.* at 9.) Polaris also argues that it would suffer undue prejudice by having to litigate two separate cases. (*Id.*)

---

[1] Samsung also argues that supplemental claim construction considering the appeal would cause duplicative action. The Court does not find this argument persuasive. The Court will address this argument in the Court's order on Samsung's pending motion for supplemental claim construction. (*See* Dkt. No. 341.)

The Court finds that delaying the '521 Patent proceedings would prejudice Polaris. Contrary to Samsung's assertion, the Court's previous concerns are not now moot. As this Court has noted in prior cases, it is not certain that the Federal Circuit will affirm the PTAB's findings on appeal. *See, e.g.*, *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-00294-JRG, Dkt. 112 at 3 (E.D. Tex. Apr. 24, 2024). Severing and staying Count I could likely result in the Court and the parties undertaking duplicative actions. Such a multiplication of this proceeding, especially trial, would unnecessarily drive up the costs and efforts required to adjudicate Polaris' patent rights. Further, the Federal Circuit has no statutorily imposed deadline to review an appeal of an IPR final written decision. Severing and staying Count I would essentially grant Samsung a continued stay with no clearly defined endpoint, materially prejudicing Polaris.

Accordingly, the Court finds that this factor weighs against severing and staying Count I.

### B.    The Advanced Stage of this Case Disfavors a Stay

Samsung argues that because it has urged the Court to stay proceedings related to the '521 Patent at all times throughout this case, this factor is neutral or favors Samsung. (Dkt. No. 340 at 10-12; Dkt. No. 349 at 4-5.) Samsung asserts it "has been prompt and diligent in moving the Court to stay this case as the IPR progressed." (Dkt. No. 349 at 5.) Polaris argues that because this case has "reached the most advanced stage possible – the case is trial ready, with trial set to begin on December 6, 2024"[2] – this factor weighs against staying Count I. (Dkt. No. 345 at 11-13.)

While the Court must accord some weight to the timing of Samsung's original motion to sever and stay, the Court finds that this factor ultimately weighs against granting a stay. This case is at a very advanced stage. The Court has issued a claim construction order and discovery has closed. Summary judgment and *Daubert* motions are fully briefed and ready for disposition. The

---

[2] When Samsung filed the Motion, trial was set for December 6, 2024. Since Samsung filed the Motion, the Court has reset trial for January 13, 2025.

pretrial conference will occur in less than three weeks and trial is set less than two months away.

Accordingly, this factor weighs against severing and staying Count I.

### C.    A Stay will Not Simplify the Issues Before the Court

Samsung argues that severing and staying Count I will not only simplify issues before the Court but will eliminate issues. (Dkt. No. 340.) Specifically, Samsung asserts that granting the Motion will reduce the number of patents at issue at trial and eliminate a defendant. (*Id.*) Samsung contends that Polaris does not accuse Samsung Display Co. Ltd. of infringing the remaining asserted patents. (*Id.*) Samsung also states that "[d]espite the Court's express guidance and this common-sense result, Polaris has not dropped claims the PTAB found invalid or agreed to the stay Count I pending appeal, forcing the parties and the Court to continue to expend resources on claims that are invalid." (*Id.*) Samsung further argues that "[t]o the extent the Federal Circuit reverses the PTAB's decision, it will likely turn on at least one of Polaris' claim scope-narrowing amendments" it made during the IPR proceeding. (*Id.* at 6-8.) Samsung asserts that "the Court (including the jury) should consider those rulings when rendering a verdict on infringement." (*Id.* at 7.)

Polaris argues that granting the Motion will not simplify the issues before the Court because Samsung prevailed on its IPR as to the '521 Patent, but the PTAB denied institution as to the other two asserted patents. (Dkt. No. 345 at 4.) Polaris contends that severing Count I would create serious inefficiencies and burden the Court by potentially requiring a second trial. (*Id.*) Polaris argues "that the '521 Patent's IPR proceedings are far from over" as it has filed a request for rehearing and intends to appeal to the Federal Circuit. (Dkt. No. 352 at 1-2.) Polaris also contends that "it is not certain that the PTAB's findings will be affirmed on appeal." (*Id.* (cleaned up).) Polaris asserts that "the IPR will ***not*** result in a significant reduction of the validity issues in this case regarding the '521 patent." (Dkt. No. 345 at 6 (emphasis added by Polaris).) Specifically, Polaris contends that while Samsung is estopped from asserting some of its prior art invalidity

theories, "Samsung continues to assert invalidity based on lack of written description and lack of enablement." (*Id.*) Further, Polaris argues that Samsung's allegation regarding claim scope narrowing is unsupported and disputed. (*Id.* at 8.)

The Court finds that a stay will not simplify the issues before the Court. This weighs against severing and staying Count I. As discussed above, it is unknown whether the Federal Circuit will affirm or reverse the PTAB's findings on appeal. *See, e.g.*, *Netlist*, No. 2:22-CV-00294-JRG, Dkt. 112 at 3. Polaris has filed a request for rehearing at the PTAB and states that it intends to appeal to the Federal Circuit if needed. (Dkt. No. 352 at 1-2.) Additionally, the PTAB's findings concerning the '521 Patent do not affect the other two asserted patents. Further, as the Court explained in its previous order denying Samsung's motion to sever and stay, the Court is unpersuaded that this case is best divided into two separate cases. (Dkt. No. 96 at 15-16.)

Accordingly, the Court finds that this factor weighs against severing and staying Count I.

## IV.    CONCLUSION

After weighing the factors that bear on whether a stay is warranted, the Court finds that the balance of those factors weighs against granting a stay. Accordingly, the Court **DENIES** Samsung's Renewed Motion to Sever and Stay Proceedings as to U.S. Patent No. 7,259,521 (Dkt. No. 340).

**So ORDERED and SIGNED this 3rd day of December, 2024.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE