# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| POLARIS POWERLED TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00469-JRG-RSP |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG DISPLAY CO., LTD., | § § § § § | |
| *Defendants*. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Display Co., Ltd.'s (collectively, "Samsung") Motion for Supplemental Claim Construction for U.S. Patent No. 7,259,521 (the "Motion"). (Dkt. No. 341.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **DENIED**.

**I.    BACKGROUND**

Plaintiff Polaris PowerLED Technologies, LLC ("Polaris") filed this lawsuit on December 12, 2022, accusing Samsung of infringing U.S. Patent No. 7,259,521 (the "'521 Patent"); U.S. Pat. No. 8,217,887; and U.S. Pat. No. 8,740,456 (collectively, the "Asserted Patents"). (Dkt. No. 1 ¶ 1.) On June 15, 2023, the Court issued a docket control order setting the case deadlines up to trial. (Dkt. No. 43.) The docket control order set forth, *inter alia*, the following deadlines: (1) exchange preliminary claim constructions by January 9, 2024; (2) Polaris' opening claim construction brief by February 27, 2024; (3) Samsung's responsive claim construction brief by March 12, 2024; and (4) claim construction hearing on April 9, 2024. (*Id.*)

On March 24, 2023, Samsung filed a petition for *inter partes* review ("IPR") challenging the asserted claims of the '521 Patent.[1] (*See* Dkt. No. 55 at 1.) On October 16, 2023, the Patent Trial and Appeal Board ("PTAB") instituted the IPR of the '521 Patent and issued a scheduling order. (*Id.* at 1.) The PTAB's scheduling order set the deadline for Polaris to file its patent owner response ("POR") for January 8, 2024. (Dkt. No. 55-3 at 12.)

On December 6, 2023, Polaris sought an extension of the POR from January 8, 2024, to January 29, 2024. (Dkt. No. 348-5.) Samsung agreed to the extension in exchange for a similar extension of the district court claim construction deadlines. (*Id.*) Specifically, Samsung sought to extend the deadline for the parties to exchange preliminary claim constructions after Polaris filed its POR. (*Id.*) The Court granted the partes' joint motion to amend the docket control order seeking these claim construction exchange extensions. (Dkt. No. 72.) The parties exchanged preliminary claim constructions on February 2, 2024.[2] (Dkt. Nos. 75, 76.) Polaris filed its claim construction brief on March 1, 2024. (Dkt. No. 86.) Samsung filed its claim construction brief on March 15, 2024. (Dkt. No. 97.)

The Court held a claim construction hearing on April 11, 2024. (Dkt. No. 126.) The Court issued its *Markman* Order on June 14, 2024. (Dkt. No. 171.) On October 11, 2024, the PTAB issued its Final Written Decision in the '521 Patent IPR. (Dkt. No. 340 at 1.)

## II.     DISCUSSION

The threshold issue is whether Samsung waived its right to assert its new "supplemental" claim construction argument. Polaris argues that Samsung's Motion is untimely "[b]ecause Samsung could have made the claim construction arguments it now advances . . . during the claim

---

[1] Samsung also filed petitions for IPR challenging the other two asserted patents. (Dkt. No. 34 at 1-2.)
[2] The deadline to exchange preliminary claim constructions was January 31, 2024. However, on January 31, 2024, the parties sought an additional two-day extension. (Dkt. No. 74.)

2

construction phase." (Dkt. No. 348 at 6.) Polaris asserts that "Samsung's motion relies on Polaris' IPR arguments to argue prosecution history disclaimer," "[b]ut Polaris filed its POR six weeks before Samsung's claim construction brief was due." (*Id.* at 7.) Polaris contends that "Samsung specifically sought a schedule under which it would not have to disclose its preliminary claim constructions until after Polaris filed its POR." (*Id.*) Polaris argues that Samsung relied extensively on Polaris' IPR arguments in Samsung's claim construction brief and at the *Markman* hearing. (*Id.*)

Samsung argues that its Motion is timely and it did not waive its supplemental claim construction argument because "the relevant timing is when the FWD [final written decision] issued, not when Polaris originally made the statements." (Dkt. No. 351 at 4.) Samsung asserts that it "did not raise this argument before because Samsung believed (and argued to the Board) Polaris was wrong, but the Board ruled Polaris was correct." (*Id.* at 2.)

The Court finds that Samsung waived its new "supplemental" claim construction argument. This district has stated that a "failure to timely raise . . . claim construction arguments should ordinarily result in waiver of the arguments." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2017 WL 5137401, at *15 (E.D. Tex. Nov. 4, 2017) *rev'd on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020); *see also Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (affirming the district court's finding that a claim construction argument not raised during the claim construction phase is waived).

Samsung could and should have raised its supplemental claim construction argument during the claim construction phase but, admittedly, chose not to. Samsung understood the potential for this dispute before and during the claim construction process. Samsung sought and received a schedule that required Polaris to file its POR before the parties exchanged preliminary

3

claim constructions and before Samsung filed its claim construction brief. (Dkt. No. 348-5.) Polaris filed its POR on January 29, 2024. (Dkt. No. 348 at 1.) The parties exchanged preliminary constructions, after a joint extension request, on February 2, 2024. (Dkt. Nos. 75, 76.) Samsung did not file its claim construction brief until six weeks later, on March 15, 2024. (Dkt. No. 97.) As the parties requested, the Court construed the limitation: "a video driver receiving the video signal and generating a video drive signal indicative of the video signal and referenced to a positive power supply voltage of the AMOLED display panel" from the '521 Patent. (Dkt. No. 171 at 8-11.) Samsung had ample time and opportunity to raise this claim construction argument with the Court. Samsung admits that it could have raised this argument during claim construction, but it chose not to. Instead, Samsung attempts to obtain a different construction now because the PTAB agreed with Polaris' arguments. The Court declines Samsung's request to impose new meanings to a claim limitation this late in the process. Trial is scheduled for January 13, 2025. Reopening claim construction now would scuttle the current trial schedule and reward Samsung for its clearly strategic behavior

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Samsung's Motion for Supplemental Claim Construction for U.S. Patent No. 7,259,521 (Dkt. No. 341) in its entirety.

**So Ordered this**

**Dec 11, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE